Follett, J.
Appeal from a judgment of the county court entered upon a non-suit and from an order denying a motion made on a case and exceptions for a new trial.
November 12, 1883, George A. La Bar, Fred. La Bar and Frank Forsyth contracted in writing to build a house for the defendant, and entered upon, and continued to perform the contract until February 23, 1884, when their partnership was dissolved, and a new contract in writing was entered into between Forsyth and the defendant for the completion of the house. In January, 1884, the La Bars and Forsyth were indebted to the plaintiffs for lumber used in. constructing the house, to the amount of $250 and upwards, on account of which the plaintiffs received the follow instrument:
“$250. Elmira, January 25, 1884.
“Mr. Henry Dolmetch—Please pay to Harris & McHenry two hundred and fifty dollars and charge to the account of
“GEORGE A." LA BAR.” Indorsed.
“100. February 9, 1884.
‘ Received on the within order one hundred dollars.
“HARRIS & McHENRY.”
This action was brought in a justice’s court to recover the remainder due ($150), the plaintiff alleging that said, contractors assigned to the plaintiffs $250 of their claim against defendant, who admitted to the plaintiffs that said amount was due from him to the contractors, and promised to pay it to the plaintiffs; and in pursuance of his *457 promise did pay $100 as above indorsed. The plaintiffs recovered a judgment for $100 damages. The defendant appealed to the county court for a re-trial, which was had resulting in a non-suit.
The instrument was, in legal effect, a bill of exchange, and not having been accepted, the defendant was not liable therefor. (People v. Remington, 10 N. Y. State Rep., 310, and ante, page 335, and cases there cited.) But if the defendant was indebted to the contractors in the sum of two hundred and fifty dollars, January 25, 1884, and if the contractors assigned their claim for that sum to the plaintiffs, they are entitled to recover.
The order did not amount to an assignment, but an oral assignment was sufficient to vest the plaintiffs with title to the claim. (Risley v. The Phœnix Bank, 83 N. Y., 318;. Coates v. The First National Bank of Emporia, 91 id., 20.) At folio 79, one of the plaintiffs testified: “I asked LaBar to transfer that claim to me, and he said he would.” Upon defendant’s motion this was stricken out, and the plaintiffs, excepted. This was error; as it was competent for the plaintiffs to prove an oral assignment of this claim to them.
Harris (one of the plaintiffs), testified that, defendant said that he owed the builders more than two hundred and fifty dollars, and he would pay plaintiffs that sum. Marvin and Pulford, gave evidence tending to corroborate the plaintiff’s evidence; that defendant admitted he was owing the builders more than two hundred and fifty dollars on the building contract. The defendant denied that he made-such an admission, and testified that, in fact, no such sum was due. From the evidence the jury might have found that such a sum was due from the defendant, and upon this question the plaintiffs asked, but were refused permission to go to the jury. Had this fact been found for the plaintiffs and the further fact, that they were the assignees of this claim, they would have been entitled to a verdict.
The judgment and order are reversed and a new trial granted, with costs to abide the event.
Hardin, P. J., and Martin, J., concur.